IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>RUSSELL WM EDWARDS<br><br>Debtor(s). | In Proceedings<br>Under Chapter 13<br><br>Bk No. 13-30230 |

TRUSTEE'S MOTION FOR INSTRUCTION
REGARDING DISBURSEMENTS IN A CONFIRMED CASE
SUBSEQUENT TO DISMISSAL

COMES NOW, RUSSELL C. SIMON, Chapter 13 Trustee, by and through his Staff Attorney, Tiffany M. Cornejo, and in support of his Motion, states as follows:

1. The instant case was filed on February 14, 2013; Russell C. Simon, Chapter 13 Trustee was appointed Chapter 13 Trustee to administer payments under the plan.

2. On April 26, 2013 Debtor's First Amended Plan was confirmed.

3. On April 29, 2015 Debtor filed a voluntary Motion to Dismiss pursuant to 11 U.S.C. § 1307(b); this Motion was granted by on May 15, 2015 by Order of this Court.

4. Prior to the Order of Dismissal but subsequent to the Trustee's last disbursement[1] the Trustee received $367.94 that, pursuant to the status quo, would be disbursed to creditors.

5. Notwithstanding the present practice of the Trustee, recent case law and discussion amongst Chapter 13 trustees on a national scale have presented a specific issue that the Trustee seeks relief of this Court to resolve.

---

1. Generally, disbursements to creditors by the Trustee occur on the last business day of the month. The tentative dates of disbursement are posted on the Trustee's website. http://www.simonch13trustee.com/

I. **ISSUE**

Who is entitled to receive the funds in the Chapter 13 trustee's possession when the underline bankruptcy case is dismissed after confirmation?

II. **DISCUSSION**

A. Status Quo

Prior to May 18, 2015, when a confirmed case was dismissed or converted the Trustee disbursed funds[2] in accordance with the Order of Distribution as set forth in the standard Chapter 13 Plan and the Chapter 13 Manual.

The reasoning behind disbursing in accordance with the confirmed plan upon dismissal or conversion was based upon numerous factors. First, the Bankruptcy Code, § 1326(a)(2) states:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. **If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable**. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)

And, § 1326(c),

> Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

Reading these two sections together substantiates a trustee's position that upon dismissal the trustee shall disburse payments to creditors under a confirmed plan as soon as practicable.

Second, this district has long been unique in the timing of the trustee's first disbursement – that is, the trustee disburses upon the *conclusion of the Section 341 Meeting of Creditors* as opposed to at confirmation of the plan. To conclude that a trustee would not disburse in accordance with a confirmed plan upon dismissal when he has been disbursing in accordance

---

2. In all instances throughout this Motion, when referencing funds disbursed after conversion or dismissal, these "funds" consist only of those payments received *prior to conversion or dismissal*. All payments received *after* the Order converting or dismissing is entered are returned to the debtor(s).

with the unconfirmed plan created an illogical result. This reasoning further substantiated the trustee's position to disburse in accordance with the confirmed plan upon dismissal or conversion.

Third, this practice of disbursement has long since been the practice in this district for decades. Trustee Simon's predecessor also disbursed in the same manner. Upon Trustee Simon's review of his own obligations, coupled with the status quo and Code, there appeared to be no reason to change.

Fourth, the majority, if not all, Chapter 13 trustees disburse funds to creditors under the confirmed plan subsequent to conversion or dismissal. As this was collectively the majority of the trustees and there was no clear rule or controlling case law stating otherwise, this is what the trustees in this district did as well.

For these reasons, Trustee Simon has disbursed funds received under the confirmed plan to creditors once the case was converted or dismissed.

### B.  Case Law

On May 18, 2015 the United States Supreme Court issued the *Harris* opinion holding that a chapter 13 trustee in possession of payments received from the debtor under the plan at the time a case is converted shall return those funds to the debtor. *Harris v. Viegelahn*, 575 U.S. ___ (2015). The Court in *Harris* also noted that absent bad faith, a debtor has an absolute right to convert their chapter 13 to another chapter under § 1307(a), all that is necessary to effectuate that conversion is for the debtor to file a notice; no motion or court order is required to render the conversion effective[3.] *Id* at 3.

The Supreme Court reached its decision by relying on § 348(e) which states:

---

3. This holding presently conflicts with the Chapter 13 Manual, *Part One – General Provisions Regarding Chapter 13 Practice,* Section 5, Maximum Attorney's Fees for Cases Converted Pre-Confirmation in that chapter 13 trustees in this district can no longer disburse the additional attorney's fees, up to $1,500.00, if a case converts pre-

> Conversion of a case under section 706, 1112, 1208 or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.

The Supreme Court interpreted this section to mean that upon conversion a trustee may no longer disburse funds to creditors – which is a core service provided by a Chapter 13 trustee. Therefore, "the moment a case is converted, the Chapter 13 trustee is stripped of authority to provide that service." *Id* at 8. What this opinion did not tell us, however, is what a trustee is to do with funds on hand upon dismissal of a confirmed case.

To shed light on this issue, the District Court in the Northern District of Illinois affirmed the Bankruptcy Court's holding that under § 349(b)(3), upon dismissal, property of the estate revests in the entity in which such property was vested immediately before the commencement of the case under this title. *Williams v. Marshall*, 526 B.R. 685 (N.D. Ill 2014). *See also*, *In re Hamilton*, 493 B.R. 31 (Bankr. M.D. Tenn. 2013).

In *Williams*, the Trustee argued the same position stated above – that § 1326(a)(2) obligates a Chapter 13 trustee to distribute the funds on hand upon dismissal of a confirmed case to that debtor's creditors as soon as practicable. *Id* at 697 – 698. The Trustee also argued that § 1326(c) requires the trustee to make payments to creditors under the plan. *Id* at 697 The Court was not persuaded by these arguments. The Court held that § 1326(a)(2) limits the directive to payments made by the debtor to the trustee prior to confirmation of the plan. *Id* at 697-698. The Court also agreed that 1326(c) was intended to address only the question of who acts as the disbursing agent, not whether the trustee is required to continue making distributions upon dismissal. *Id* at 697.

A case contrary to *Williams* is *In re Parrish*. The Court in *Parrish* is additional authority and explanation for the Trustee's present actions in disbursing funds at dismissal. The *Parrish*

---

confirmation.

Court specifically stated, "when [a] case is dismissed without a plan having been confirmed and the trustee holds funds the debtor paid to [the trustee] under the plan, it is obvious that, despite 349(b)(3)'s revesting provision, § 1326(a)(2) can prevent the debtor from obtaining those funds. When no plan is confirmed § 1326(a)(2) requires distribution of the funds to the debtor 'after deducting any unpaid claim allowed under section 503(b) of [the Bankruptcy Code].'" 275 B.R. 424, 427 (Bankr. D.D.C. 2002). The *Parrish* Court also noted that § 349(b)(2) vacates certain orders, the order confirming the plan is not one of those. For this reason, Congress did not intend § 349(b) to vacate an order confirming the plan such as to render § 1326(a)(2) no longer controlling. The Court noted that § 349(b)(3) ought not to be read as terminating the statutory commands of § 1326(a)(2). *Id* at 427.

Notwithstanding the alignment of the *Parrish* Court's holding with the Trustee's present practice, it should be noted that this appears to be the minority view at the present time.

### III. **PRACTICAL APPLICATION**

Most dismissals occur because a debtor has failed to make plan payments, and thus a delinquency exists causing dismissal. Thus, it may be a minimal amount the Trustee retains that need be disbursed. However, there are also those cases that the Trustee is holding funds due to a bad address – this could result in thousands, if not tens of thousands of dollars being returned the debtor. It should also be noted that debtors' counsel would not be paid any additional funds. Presently, attorney's fees are capped at $1,200 pre-confirmation, once a case is confirmed debtors' counsel is paid as set forth in the Chapter 13 Manual. These creditors, mainly debtors' counsel, could face the possibility of being owed large amounts of money, but yet receive no portion beyond the $1,200 received pre-confirmation.

However, creditors are not without recourse as they can file a Motion with the Court pursuant to § 349(b) to seek payment from any monies the trustee may be holding should cause

exist.

IV. **CONCLUSION**

Based upon the foregoing, the Trustee seeks instruction from this Court informing him as to whether § 349(b)(3) revests property held by him to the debtor upon dismissal of a confirmed case – thus mandating the return of said monies to the debtor - or if the language in § 1326(a(2) maintains its authority as interpreted to authorize the Trustee to disburse those funds received prior to dismissal in accordance with the terms of the Debtor's confirmed Plan.

Respectfully submitted,

/s/Tiffany M. Cornejo
TIFFANY M. CORNEJO, ARDC #6296136
RUSSELL C. SIMON, Trustee
Chapter 13 Trustee
24 Bronze Pointe
Swansea, IL 62226
Telephone: (618) 277-0086
Telecopier: (618) 234-0124
tiffanyc@simonch13trustee.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed to the following interested parties who have not been electronically notified this 3rd day of June, 2015, with the correct postage prepaid and deposited in the U.S. Mail.

Russell WM Edwards
107 2nd
Collinsville, IL 62234

Shari Murphy
PO Box 136
Wood River, IL 62095-0136

/s/Jeff